IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISON

| | | |
|---|---|---|
| MICHAEL BERK, # 43739-037,<br>　　　　Petitioner, | §<br>§<br>§ | |
| v. | § | 3:14-CV-4402-D-BK |
| WARDEN EDDY MEJIA,<br>　　　　Respondent. | §<br>§<br>§ | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* habeas corpus action under 28 U.S.C. § 2241 was automatically referred to the United States Magistrate Judge.  For the reasons that follow, the petition should be dismissed without prejudice.

**I. BACKGROUND**

On December 16, 2014, Petitioner filed a habeas corpus petition alleging due process and First and Eighth Amendment violations stemming from an incident report he received while confined in the Bureau of Prisons ("BOP") that resulted in the revocation of 54 days of good time and loss of 365 days of telephone privileges.[1]  Doc. 3 at 5, 10.  He sought reversal of the disciplinary action, restoration of his lost privileges, return of revoked good time credits, and "expungement of related documents."  Doc. 3 at 7.  However, on March 23, 2015, the incident report was expunged and all of Petitioner's good conduct time was restored.  Doc. 13 at 5-6.

The Government argues that Petitioner's claims regarding the disciplinary action are moot, due to the expungement of the incident report and restoration of all good conduct time, and

---

[1] Jurisdiction attached at initial filing of the section 2241 habeas petition and was not vitiated by Petitioner's subsequent prison transfer or the resulting custodial change.  *Griffin v. Ebbert*, 751 F.3d 288, 290-291 (5th Cir. 2014)  Contemporaneously with this recommendation, the Court grants Petitioner's request to join the Warden of FCI Dix as a Respondent in this case.  Doc. 11.

that his First and Eighth Amendment claims are not cognizable in this habeas corpus action. Doc. 12 at 4-6. Petitioner replies that his claims are not moot because collateral consequences remain and, in any event, he is seeking relief "for further pled injuries," such as restoration of lost privileges and expungement of additional documents. Doc. 14 at 3, 7. With respect to the latter, Petitioner seeks the removal of "inactive documents" from his file, including the Correctional Management Plan (CMP), which he admits was recalled on his request, but which allegedly "remains on file for viewing by any staff member and [for] reference in future proceedings." Doc. 14 at 7-8. According to Petitioner, the CMP required him to "warn, in writing, all contacts (including family, friends, and professional associates) of his dangerousness as perceived by the BOP" and to "refrain from engaging in intimate relationships using the mail" or "read[ing] or possess[ing] any material which could be anticipated to contain related content." Doc. 14 at 7-8.

Petitioner also references threats of a civil commitment to support his claim that unresolved collateral consequences remain. Doc. 14 at 3-4. He avers that BOP staff initially manipulated his prison records to bring about the abusive and unsupported incident report as part of "a scheme" to indefinitely extend his custody through an eventual civil commitment. Doc. 14 at 4-6.

## II. ANALYSIS

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" United States Parole Comm'n v. Geraghty, 445 U.S. 388, 395 (1980). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate.... The parties must continue to have a 'personal stake in the outcome' of the lawsuit." Spencer v. Kemna, 523 U.S. 1, 7 (1998). This requires

that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Geraghty*, 445 U.S. at 396 (quoting *Powell v. McCormack,* 395 U.S. 486, 496 (1969)).

Petitioner agrees that the BOP expunged the incident report from his record and restored his lost good-time credit. Thus, he does not object that his petition is moot insofar as it sought reversal of the disciplinary action, expungement of the incident report, and restoration of good conduct time. He argues, however, that his petition presents a case or controversy because he seeks restoration of lost phone privileges and assurances regarding inactive documents in his file and potential collateral consequences. Doc. 14 at 4, 7. But the loss of phone privileges is not an atypical punishment requiring due process protections. *See Madison v. Parker,* 104 F.3d 765, 767 (5th Cir.1997) (commissary and recreation restrictions do not impose a significant or atypical hardship on the inmate in relation to the ordinary incidents of prison life); *see also Dixon v. Hastings*, 2005 WL 17382, *1 (5th Cir. 2005) (*per curiam*) (same regarding federal prisoner's challenge to privileges and restrictions following disciplinary action). Thus, the deprivation of phone privileges does not affect the fact or duration of Petitioner's sentence and for that reason he cannot state a claim for habeas relief. *See Preiser v. Rodriguez,* 411 U.S. 475, 493 (1973) (a federal habeas action is only available to challenge the fact or duration of confinement, not the conditions of confinement).

Moreover, Petitioner cannot meet his burden of showing concrete and continuing injuries arising from the expunged disciplinary action, sufficient to satisfy Article III's case or controversy requirement. *See Spencer*, 523 U.S. at 7, 14 (recognizing that the presumption that

criminal convictions have collateral consequences does not extend to other situations, such as revocation of parole, and requiring the petitioner to demonstrate that "some concrete and continuing injury . . . exist"). Petitioner has not demonstrated that he will suffer any collateral consequences from the expunged disciplinary action. He merely asserts that "inactive documents," including the recalled CMP, "remain[] on file for viewing by any staff member and [for] reference in future proceedings." Doc. 14 at 7-8. He also complains generally of past threats of civil commitment and seeks an "assurance that such misconduct will not be repeated and that the effects and progeny of this violation [namely the incident report] will not rise again." Doc. 14 at 4-6, 8. However, his claim that the expunged disciplinary action *may* result in future adverse adjudications or decisions is "too speculative to give rise to a case or controversy." *Bailey v. Southerland*, 821 F.2d 277, 279 (5th Cir. 1987) (*per curiam*); *see also Watkins v. Garrett*, 476 F. App'x 430, 432 (5th Cir. 2012) (former prisoner's claim that, if his supervised release were revoked, prison disciplinary incident report might affect his custody classification was "the type of speculative hypothetical consequence rejected by the Supreme Court"); *Tracy v. Bragg* , No. EP-11-CV-252, 2011 WL 6002626, *2 (W.D. Tex. Nov. 30, 2011) (claims that expunged prison disciplinary action may result in "adverse reaction" by other agencies and adverse adjudication of any future disciplinary infraction were too speculative to give rise to a case or controversy).

     Petitioner relies on *Yagman v. Meinberg*, No. 10-5860, 2012 WL 3288160 (C.D. Ca. Aug. 3, 2012), *recommendation accepted*, 2012 WL 4513776 (C.D. Ca. Sep. 21, 2012), which granted habeas corpus relief even though the BOP had vacated a disciplinary action. However, the Ninth Circuit Court of Appeals recently reversed the district court's opinion, concluding that

no further relief could have been given to the petitioner after the disciplinary was vacated and the record expunged.  *Yagman v. Thomas*, 2015 WL 1923879 *1 (9th Cir. 2015).

In summary, the Court concludes that Petitioner's habeas corpus petition is now moot since the incident report has been expunged and all good conduct time has been restored.  As there is no longer any relief the Court could award, this action should be dismissed without prejudice for want of jurisdiction.

With respect to Petitioner's First and Eighth Amendment claims, the Court concludes that they are not cognizable in this habeas corpus action and should likewise be dismissed without prejudice.  *See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994) (a section 1983 action is an appropriate remedy for challenging conditions of confinement whereas a habeas corpus petition is the appropriate remedy to challenge the fact or duration of confinement).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus under 28 U.S.C. § 2241 be **DISMISSED** without prejudice for want of jurisdiction due to mootness, and that the First and Eighth Amendment claims be **DISMISSED** without prejudice because they are not cognizable in a habeas corpus action.

SIGNED July 24, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In <u>order</u> to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE